# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DOREE D. WAGNER,** ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|  vs. ) | Case No. 4:10CV1560 HEA |
| ) | |
| **CAROLYN W. COLVIN,**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
|   Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq,* and her application for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.* For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

## Facts and Background

Plaintiff was 47 years old at the time of the hearing. She had obtained an

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

EMT degree. The ALJ found Plaintiff had the severe impairments of: lumbar spondylosis and stenosis, foramina narrowing in the cervical spine, a history of left shoulder injury requiring surgery, and gastroenteritis. At the April 20, 2009 hearing, Plaintiff testified that she is married and has three non-dependent children. She no longer works. Plaintiff testified that she was involved in a motor vehicle accident in 2006 and that prior to the accident, she fell at work and dislocated her shoulder. She had laparoscopic surgery and physical therapy. She testified she cannot reach around behind her with her left arm, and she cannot really raise her arm in front of her straight out above her shoulder or put it out to the side up to past the shoulder. She testified that it is very difficult to carry anything in that arm. Plaintiff was not seeing any doctors at the time of the hearing, but stated that she had to "save up" to go to the doctor. Plaintiff testified that the household chores take her five hours when they used to take 20 minutes. She was not taking any medication at the time of the hearing. Plaintiff drives short distances, does grocery shopping with her husband and uses the electric carts, she testified she can only lift a two quart bottle of juice with her right arm. Plaintiff's pain medication helps some, but does not alleviate her pain entirely.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. And XVI of the Act, 42 U.S.C. § 1381, *et seq* was denied on July 24, 2007. On August 6, 2009, the ALJ issued an

unfavorable decision. On June 24, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the

claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the

claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step.  *Id.*.  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled.  *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since February 10, 2007, the alleged onset date.  At Step Two, the ALJ found that Plaintiff had the following severe impairments: lumbar spondylosis and stenosis,

foramina narrowing in the cervical spine, a history of left shoulder injury requiring surgery, and gastroenteritis. Although Plaintiff testified she had depression, the records did not demonstrate that her depression has required any inpatient hospitalization and she testified she has not regularly seen a mental health professional. Thus, the ALJ concluded that depression was not a medically determinable impairment..

At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in 20 CFR 404.1525, 404.1526, 416.925, 416.926.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to lift 20 pounds, 10 pounds frequently, stand or walk six hours out of an eight-hour work day and sit six hours out of an eight-hour work day. The ALJ determined that Plaintiff could perform the full range of light work, considering her age, education and work experience.

At Step Four, the ALJ determined that Plaintiff was incapable of performing her past relevant work, and that her past relevant work skills were not transferable.

At Step Five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. The ALJ therefore determined that Plaintiff had not been under a disability from the onset date

through the date of the decision.

## Standard For Judicial Review

The role of the Court in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d

860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the subjective testimony and objective findings by Plaintiff's doctors support a finding of disability; (2) whether the ALJ properly formulated Plaintiff's RFT; (3) the ALJ erred in not seeking the testimony of a vocational expert rather than applying the medical-vocational guidelines.

**Subjective testimony**

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective

complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

As the Commissioner correctly argues, the ALJ articulated the inconsistencies which were relied upon in discrediting Plaintiff's subjective complaints . The objective medical evidence vs. Plaintiff's allegations; the infrequency of treatment; no determination by any doctor that Plaintiff was unable to work; and Plaintiff's continued search for employment. The record supports the finding that Plaintiff's complaints were not entirely credible.

**RFC Determination**

**RFC and improper determination that Plaintiff could perform his past relevant work**.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR)

96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that they reduced her ability to stand, walk and sit. Thus, the ALJ determined that Plaintiff could only perform light work, with certain limitations, *i.e.*, she should only lift 20 pounds occasionally and 10 pounds frequently; she should stand, walk and sit only 6 hours in an 8 hour work day. Plaintiff's testimony that she could only lift a 2 quart bottle with her right arm and nothing with her left, Plaintiff's physical examination indicated that she had normal strength and motor functions in her arms. Plaintiff never complained of pain in her arms or hands and never sought treatment for same. Plaintiff never complained of concentration problems to any of her treating physicians and never sought treatment for her alleged depression.

**Guidelines vs. VE**

Plaintiff also argues the ALJ erred by using the Medical–Vocational

Guidelines, instead of the testimony of a vocational expert, to determine whether there was substantial gainful employment she could perform. The ALJ applied the Guidelines to determine whether Plaintiff was disabled. Plaintiff argues the ALJ was required to elicit testimony from the vocational expert regarding the existence of jobs for a person with her impairments. See *Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir.2006) ("Generally, where the claimant suffers from a nonexertional impairment such as pain, the ALJ must obtain the opinion of a vocational expert instead of relying on the Medical–Vocational Guidelines.").

Although Plaintiff is generally correct that a vocational expert is needed, *Baker* goes on to state that "when a claimant's subjective complaints of pain are explicitly discredited for legally sufficient reasons articulated by the ALJ, the Secretary's burden at the fifth step may be met by use of the [Grids]." *Id*. at 894–95 (internal quotation and alteration omitted). Here, as discussed in detail above, the ALJ discredited Plaintiff's allegations of completely disabling pain for legally sufficient reasons, including her not unduly restricted daily activities, the infrequency of medical visits and her continued search for employment, and inconsistencies with other aspects of her medical record. Therefore, the Court concludes the ALJ properly resorted to the Guidelines at Step 5. See *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir.2005) (allowing reliance on the Grids where

ALJ properly discredited claimant's complaints of pain and found claimant could perform full range of sedentary activity). *McDade v. Astrue,* 720 F.3d 994 (8th Cir. 2013).

The Court finds that the ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations. *See Wildman,* 596 F.3d at 966.

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 6th day of November, 2013.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**